Cathy L. Granger (SBN 156453)
*clgranger@wolfewyman.com*
WOLFE & WYMAN LLP
2301 Dupont Drive, Suite 300
Irvine, California 92612-7531
Telephone:  (949) 475-9200
Facsimile:   (949) 475-9203

Attorneys for Defendants
DITECH FINANCIAL LLC and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ZEPPEIRO, an individual;<br><br>   Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA; DITECH FINANCIAL LLC; NORTHWEST TRUSTEE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC and DOES 1 to 10 inclusive<br><br>   Defendants. | Case No.: 2:18-cv-04183-SJO-AGR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Date:         August 13, 2018<br>Time:        10:00 a.m.<br>Courtroom: 10C<br><br>Hon. S. James Otero |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 13, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants Ditech Financial LLC and Mortgage Electronic Registration Systems, Inc. will move the Court for an order dismissing this action pursuant to Federal Rules of Civil Procedure, Rule

1

12(b)(6).

**PLEASE TAKE FURTHER NOTICE** that this Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 9, 2018.

This Motion to Dismiss is based on this notice, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, the records and pleadings on file herein and such other evidence as the Court may accept at the hearing.

DATED:  July __16__, 2018          WOLFE & WYMAN LLP

By:  /s/ *Cathy L. Granger*
       CATHY L. GRANGER
Attorneys for Defendants
**DITECH FINANCIAL LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This is a foreclosure avoidance action – the *third* such case Plaintiff has filed in the last six years seeking to halt foreclosure proceedings against the same property. The first two actions resulted in judgments of dismissal with prejudice in favor of Ditech Financial LLC's predecessor entity (Green Tree Servicing, LLC) and Mortgage Electronic Registration Systems, Inc., among others. The Ninth Circuit affirmed both judgments. The present complaint is thus barred by res judicata.

Even if the case weren't barred under the res judicata doctrine, Plaintiff's causes of action are both subject to dismissal for the reasons explained below. The First Amended Complaint ("FAC") represents Plaintiff's second attempt in this case to state a viable cause of action. Because he fails to do so, and because the action is barred in any event, the FAC must be dismissed with prejudice.

## II. FACTUAL BACKGROUND.

### A. The Subject Property and Loan.

On or about October 15, 2002, Plaintiff Peter Zeppeiro obtained a $300,700.00 mortgage loan from Homecomings Financial Network, Inc. *FAC, ¶ 14; Req. for Jud. Ntc. ("RFJN"), Exh. "A."* The subject loan was secured by a Deed of Trust encumbering property at 6393 Calle Bodega in Camarillo. *FAC ¶ 3; RFJN Exh. "A."* While the FAC asserts the loan documents were "forged" *(FAC ¶ 15-18),* Plaintiff also affirmatively acknowledges he entered into the loan transaction to finance his property. *FAC ¶¶ 4, 14.*

The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as a separate corporation acting solely as a nominee for the Lender and its successors and assigns, and the beneficiary under the Deed of Trust. *RFJN Exh. "A"* (p. 2).

Ditech Financial LLC ("Ditech") presently services the subject loan. *FAC, ¶ 4.* Before Ditech assumed this role, the loan servicer was Green Tree Servicing LLC

("Green Tree"). *FAC ¶ 19; RFJN Exh. "B."*

Default proceedings began eight years ago, on April 28, 2010, with the recording of a Notice of Default. *RFJN Exh. "C."* In the ensuing years, the foreclosure process has been marked by numerous stops and starts. *RFJN Exhs. "C"-"G."* Most recently, a Notice of Default was recorded on October 13, 2017. *RFJN Exh. "G."* Plaintiff does not and cannot allege a foreclosure sale has occurred as yet.

### B.     The Prior Lawsuits – Zeppeiro I and Zeppeiro II.

On or about June 20, 2012, Plaintiff filed a case in this court styled as *Zeppeiro v. GMAC Mortgage LLC, et. al.* (Case No. cv12-055457 ABC(RZx)) ("Zeppeiro I"). Among the defendants in the action was MERS, along with GMAC Mortgage LLC and the Federal National Mortgage Association ("Fannie Mae"). Both the original and first amended complaints in Zeppeiro I were substantially similar to the present FAC in that they asserted wrongful foreclosure-type claims including, among others, causes of action for violations of the Truth in Lending Act ("TILA"). *RFJN Exhs. "H", "I."* By order dated February 13, 2013, the court dismissed the case with prejudice on defendants' motion. *RFJN, Exh."J."* The Ninth Circuit Court of Appeal affirmed the judgment of dismissal in an opinion dated October 16, 2016. *Zeppeiro v. GMAC Mortgage, LLC,* 662 Fed. Appx. 500 (9th Cir. 2016).

Well before the appeal of Zeppeiro I was final, Plaintiff filed his second lawsuit ("Zeppeiro II") in the California State Superior Court for the County of Ventura on December 3, 2013, naming Ditech's predecessor, Green Tree, as a defendant and alleging wrongful foreclosure and related theories. *RFJN Exh. "K."* Green Tree removed the action to this court on or about February 21, 2014 (Case No. 2:14-cv-01336-MMM-JC), and Judge Margaret M. Morrow eventually entered judgment for the defendants upon granting Green Tree's Motion to Dismiss the Second Amended Complaint with prejudice. *RFJN Exhs. "L", "M."*

Plaintiff appealed Judge Morrow's decision to the Ninth Circuit, which affirmed on the merits in an opinion dated March 6, 2017. The appellate panel held

the District Court had properly denied leave to file a third amended complaint because Plaintiff did not show how he could remedy the deficiencies in his pleading. *Zeppeiro v. Green Tree Servicing, LLC,* 679 Fed. Appx. 592, 593 (9th Cir. 2017).

### III. LEGAL STANDARD.

A motion to dismiss under *Federal Rules of Civil Procedure* 12(b)(6) tests the legal sufficiency of the facts alleged in the complaint. A motion to dismiss is properly granted where the facts alleged, even if true, would not entitle a plaintiff to any relief. *DeLaCruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

In testing the complaint's legal sufficiency, the court is to assume all factual allegations in the complaint are true. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996) [the "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" pleaded in a complaint "need not be credited."]. As the U. S. Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

> Plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a form-like recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise the right to relief above the speculative level.

Further, where there are no disputed issues of fact, the affirmative defense of res judicata is appropriately raised in a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Brambila v. Wells Fargo Bank,* 2012 WL 5383306 at *4 (N.D.Cal. Nov. 1, 2012).

### III. THE FAC IS BARRED BY RES JUDICATA.

Plaintiff's previously-filed foreclosure avoidance lawsuits were both dismissed without leave to amend, resulting in judgments against Plaintiff. The Ninth Circuit subsequently affirmed both judgments.

Accordingly, Plaintiff has already had his day(s) in court and may not dredge

3
MOTION TO DISMISS AMENDED COMPLAINT - 2:18-cv-04183-SJO-AGR

up further protests about the foreclosure proceedings he hopes to avoid. As the U. S. Supreme Court held in *Allen v. McCurry,* 449 U.S. 90 (1980),

> The related doctrines of res judicata and collateral estoppel limit the ability of litigants to relitigate matters. Under the doctrine of res judicata (also known as the claim preclusion doctrine), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . Under collateral estoppel [also known as the issue preclusion doctrine], once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.

*Allen v. McCurry,* 449 U.S. at 94.

"In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993). In this case, both of the prior adjudications were final and on the merits, and the Court of Appeal affirmed them. As such, the only remaining question is whether Zeppeiro I and/or Zeppeiro II involved the same "claim" as is presented in the present action.

The term "claim" in this context has a particular meaning. Res judicata not only bars every claim that was raised in the prior action; it also bars the assertion of every legal theory or ground for recovery that *might have been raised* in seeking the desired relief. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant the plaintiff failed to allege in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

Yet, this is precisely what Plaintiff Zeppeiro attempts to do. His present amended complaint rests on allegations about events that ostensibly occurred at the time of his loan's origination in 2002 – well before he filed Zeppeiro I. *FAC, ¶¶ 15-18.* He also alleges Green Tree failed to record an assignment of the Deed of Trust

4

when it assumed servicing duties on February 1, 2013, as a result of which Plaintiff claims – nonsensically – that his right to rescind the 2002 transaction under TILA was never triggered. *FAC ¶¶ 19, 9 (p. 9).*[1]

Since the alleged conduct to which Plaintiff now points predated the filing of Zeppeiro I and/or Zeppeiro II, he could and should have raised this allegation in at least one of those two cases, but he did not. This omission means his present effort is barred by res judicata.

Likewise, Plaintiff's allegations offered in support of his first cause of action for Violation of Civil Code Section 2934a – namely, that various supposed transgressions in the assignment of his Deed of Trust from the original lender to others invalidate the substitution of trustee and, therefore, the foreclosure proceedings *(FAC ¶¶ 24-41)* – stem from purported events dating back to at least 2013, before Zeppeiro II was filed.

As the court observed in *Alpha Mechanical Heating & Air Conditioning v. Travelers Casualty & Surety Co. of America*, 133 Cal.App.4th 1319, 1334 (2005), if allowed to proceed on a successive lawsuit in circumstances such as those presented in this case, "there would be no meaning to the phrase 'with prejudice.'"

Here, Plaintiff has filed three lawsuits with the same object in mind: to stave off the foreclosure of property under any theory he can muster. The first two of them were disposed of via judgment against him. This lawsuit is patently barred by the principle of res judicata and must be dismissed with prejudice.

///
///
///
///

---

[1] The FAC contains paragraphs numbered 1 through 47 and starts over with paragraphs numbered 1 through 14 beginning on page 8.

## IV. NOTWITHSTANDING THE RES JUDICATA BAR, PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE § 2934a FAILS TO STATE SUPPORTING FACTS AND MUST BE DISMISSED.

The FAC's first cause of action alleges a violation of California *Civil Code* Section 2934a, which governs the substitutions of trustees under deeds of trust.

### A. The First Cause of Action Impotently Rests on Pure Speculation.

In support of his first claim, Plaintiff suggests a March 1, 2018 Substitution of Trustee was "void" based on his wholly conclusory allegations that: (1) a 2013 assignment of the deed of trust was "not legal" *(FAC ¶ ¶27-28);* (2) a recorded notice of default is invalid because "Defendants have engaged in wrongful conduct through the attempted recording of multiple invalid substitution of trustees [sic] and assignments of deed of trust[2] [sic] which make the Notice of Default"[3] *(FAC ¶ 33);* (3) Ditech is "not the owner or beneficiary of Plaintiff's loan" – an unsupported assertion that Plaintiff makes "on information and belief" *(FAC ¶ 35);* and, (4) Ditech's purported status deprived it of authority to sign a substitution of trustee. *(FAC ¶ 39.)*

Plaintiff refers to no alleged facts in support of his conclusions. His speculative assertions fall far short of meeting his pleading burden as discussed in *Twombly, supra.* The first cause of action should be dismissed.

### B. There is No Private Right of Action for Violation of Section 2934a.

Plaintiff's claim under Section 2934a also fails because there is no private right of action for violation of the statute. *Maomanivong v. Nat. City Mortgage Co.,* 2014 U.S. Dist. LEXIS 130513 at *21 (N.D.Cal. Sept. 15, 2014); *Owner Mgmt. Serv., LLC*

---

[2] The FAC does not refer to any facts suggesting multiple attempts to record invalid assignments of substitutions of trustee.

[3] Presumably, the FAC meant to include the word "invalid" at the end of this sentence.

6
MOTION TO DISMISS AMENDED COMPLAINT - 2:18-cv-04183-SJO-AGR

3097374.1

*v. JPMorgan Chase Bank, N.A.,* 2012 Bankr. LEXIS 4690 at *3 (Bankr. C.D.Cal. Apr. 29, 2015); *also see Vikco Ins. Servs., Inc. v. Ohio Indem. Co.* (1999) 70 Cal.App.4th 55, 62 (noting a private right of action under a regulatory statute exists only if the language of the statute or its legislative history clearly indicate the Legislature intended to create one).

Because there is no private right of action under Civil Code Section 2934a, Plaintiff's cause of action fails and must be dismissed.

## V. NOTWITHSTANDING THE RES JUDICATA BAR, PLAINTIFF'S SECOND CAUSE OF ACTION FOR TILA VIOLATIONS MUST BE DISMISSED.

### A. The TILA Rescission Claim is Time Barred.

The FAC's second cause of action seeks rescission of Plaintiff's 2002 loan transaction, citing the Truth in Lending Act as authority. *FAC pp. 9-10.* Though it is styled as a cause of action for rescission, he also prays for monetary damages and other relief, including punitive damages. *FAC ¶ 14, p. 10; Prayer ¶¶ 7-8, pp. 10-11.*

Plaintiff claims he notified various entities including MERS and Ditech of his demand to rescind the 2002 loan at various points between July 9, 2015 and November 4, 2017. *FAC ¶ 10, pp. 9-10.*

A TILA claim for rescission must be brought within three years of the alleged violation. 15 U.S.C. § 1635(f); *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633, n.2 (5th Cir. 1986). The three-year statute of limitations for rescission under TILA is not subject to tolling but rather is a statute of repose. "The right to rescind under TILA… if not exercised within a three year period after the loan has closed, expires." *In re Community Bank of Northern Virginia*, 467 F.Supp.2d 466, 480-481 (W.D. Pa. 2006), citing *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998).

Here, Plaintiff's loan closed in 2002. He filed his complaint *sixteen years later,* in March 2018. The extensive time lapse between the two events bars Plaintiff from proceeding under 15 U.S.C. § 1635(f).

7

Nor does Plaintiff viably plead a basis for equitably tolling the statute of limitations. Courts will apply equitable tolling to an otherwise untimely TILA claim in situations where, "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.* (9th Cir. 2011) 656 F.3d 1034, 1045. Plaintiff Zeppeiro alleges the "fraud" caused by the purported irregularities at the time of the loan's origination prevented him from discovering his entitlement to relief under TILA. *FAC ¶ 8, p. 9.* However and crucially, Plaintiff pleaded substantially identical facts *six years ago* in Zeppeiro I *(See, i.e., RFJN Exh. "H" ¶ 23)*; thus, he could have, and allegedly did, discover a basis for his present claim more than half a decade ago. There is no basis for allowing him to resurrect his claim now.

Likewise, Plaintiff untenably alleges an unrecorded Assignment of Deed of Trust to Green Tree in 2013 meant his statutory rescission period was never triggered. *FAC ¶ 9, p. 9.* As demonstrated above, Plaintiff's opportunity to allege a claim for rescission under TILA expired in **2005**, three years after his loan closed. Thus, even if true (and even if the recording of an assignment was essential to the exercise of TILA rights), the absence of a recorded assignment eight years later, in **2013,** would be immaterial to the rescission issue.

Further, even if Plaintiff could argue his way out of this predicament, the judicially noticeable Corporate Assignment of Deed of Trust to Ditech's predecessor, Green Tree, which *was* recorded on May 30, 2013, belies his factual assertion. *RFJN Exh. "B."*

### B. The TILA Claim for Damages is Time Barred.

Concerning Plaintiff's prayer for monetary damages, the passage of time since the loan was consummated in 2002 bars the request. An action claiming TILA damages must be brought within one year of the alleged violation. 15 U.S.C. §1640(e). The statute of limitations begins to run from the date the transaction is consummated. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). "The credit transaction

is consummated when 'a contractual relationship is created between [a creditor and consumer].'" *Id*. In closed-end consumer credit transactions, "the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement." *Tucker v. Beneficial Mortgage Co.* 437 F.Supp.2d 584, 589 (E.D.Va. 2006); *Johnson v. Long Beach Mortgage Loan Trust 2001-4,* 451 F.Supp.2d 16, 39 (D.D.C. 2006). Plaintiff's effort to obtain compensatory damages under TILA falls well outside the limitations period and is thus barred.

Nor are awards of punitive damages authorized for TILA violations, since TILA prescribes its own remedies. *Tasaranta v. Homecomings Financial,* 2009 U.S. Dist. LEXIS 87372 at *20 (S.D.Cal. 2009).

### C. **Plaintiff's Failure to Allege Tender Defeats the Rescission Claim.**

Even if he could plead a timely demand for rescission, Plaintiff ignores that the purpose of rescission is to restore the parties to the positions they would have occupied if not for the contract. *Akin v. Certain Underwriters at Lloyd's London* (2006) 140 Cal.App.4th 291, 298. For a TILA rescission effort to be cognizable, the borrower must demonstrate his ability to tender the amounts owing on the loan. *Yamamoto v. Bank of New York* (9th Cir. 2003) 329 F.3d 1167, 1173; *LaGrone v. Johnson* (9th Cir.1974) 534 F.2d 1360, 1362. Here, the FAC is silent about whether Plaintiff could, or ever did, offer to tender. He therefore fails to plead he viably rescinded his loan – timely or otherwise.

### D. **The Tila Claim Fails Because it is Not Advanced Against the Lender.**

In addition to all the foregoing reasons why the FAC fails to allege a cause of action, there is one more: TILA claims are not viable against entities that are not lenders. Plaintiff describes MERS as an "online member only database of alleged transfers of residential mortgages through non recorded assignments." *FAC ¶ 7*. Plaintiff alleges Ditech is the servicer of his loan. *FAC ¶ 5*.

Only the lender is obligated to comply with TILA's disclosure requirements. *King v. Capitol Commerce Mortg. Co.,* 2012 U.S. Dist. LEXIS 5368 at *7 (E.D.Cal.

1 | Jan. 11, 2012), citing 15 U.S.C. §§ 1635, 1638.

2 | As such, TILA claims against loan servicers like Ditech are implausible. *Wootten v. BAC Home Loans Servicing, LP,* 2011 U.S. Dist. LEXIS 12249 at *8 (N.D.Cal. Feb. 8, 2011). Likewise, since Plaintiff does not allege MERS ever had any interest in the underlying debt, he pleads no basis for claiming MERS was duty-bound to make disclosures pursuant to TILA. Nor could he; MERS itself is a *system* which does not originate loans or acquire an interest in the debt obligation. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 683 (9th Cir. 2014). As such, MERS is not a "covered person" under 12 C.F.R. Section 226.39(a)(1) to which TILA duties attach. *Id.* The TILA claim against MERS fails to, and cannot, state a claim.

## VI. CONCLUSION.

Plaintiff's FAC is so patently defective and impotent as to be frivolous, especially in light of the prior judgments against him. For the reasons stated herein, Defendants Ditech and MERS respectfully ask this Court to grant this motion and deny leave to amend.

DATED: July __16__, 2018         WOLFE & WYMAN LLP

By: /s/ *Cathy L. Granger*
    CATHY L. GRANGER
Attorneys for Defendants
**DITECH FINANCIAL LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**