**RODRIGUEZ LAW GROUP, INC.**
Patricia Rodriguez, Esq. SBN # 270639
1492 W. Colorado Blvd, Suite 120
Pasadena, CA 91105
Office: (626) 888-5206
Facsimile: (626) 282-0522

Attorney for Plaintiff,
Peter Zeppeiro

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ZEPPEIRO, an Individual;<br><br>        Plaintiff,<br><br>    v.<br><br>DITECH FINANCIAL LLC; BARRETT, DAFFIN, FRAPPIER, TREDER & WEISS, LLP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC and DOES 1 to 10 inclusive<br><br>        Defendants | Case No.: 2:18−cv-04183-SJO-AGR<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  August 13, 2018<br>Time: 10:00 a.m.<br>Ctrm: 10C |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs, PETER ZEPPEIRO (Hereinafter "Plaintiff") hereby responds and opposes DITECH FINANCIAL LLC and MERS ("Defendants") Motion to Dismiss.

This response and opposition is made on the grounds that Plaintiff has sufficiently pleaded facts setting forth the claims alleged.  This response and opposition is based on all

1

pleadings submitted in this matter, this Opposition, the Memorandum of Points and
Authorities herein, and any other supplemental material, including oral arguments, submitted
by Plaintiff and received by this Court.


Dated: July 24, 2018                              RODRIGUEZ LAW GROUP, INC


                                            By:       /s/ Patricia Rodriguez
                                                      Patricia Rodriguez, Esq.
                                                      Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL ALLEGATIONS

On or about October 15, 2002, Plaintiff allegedly entered into a loan transaction with Homecomings Financial Network, Inc. ("Homecomings") to finance the residential property that is commonly known as 6393 Calle Bodega, Camarillo, CA. 93012.

On October 15th 2002 Peter Zeppeiro, Jovita Zeppeiro, Douglas Zeppeiro and Notary: Benita A. Colitti were at Plaintiff's residence to sign and notarize loan documents. The document was then sent to the escrow office where they were forged and materially altered, without Plaintiff's or the other pervious aforementioned names knowledge or consent or approval. These four individuals were the only persons that were present.

The loan document instructions supplied by the bank stated that any alterations must be initialed by and lined through and not crossed out. These forgeries and alterations show no initials or signatures showing they were made by Plaintiff. All four of the individuals can and will testify that the documents were signed on October 15, 2002, not on October 11, 2002. Furthermore, these documents were forged and materially altered.

The following items are related to the Grant deed dated October 15, 2002, notarized by Benitia Colitti-

a.    The loan documents were signed on October 15, 2002 not October 11, 2002

b.    Incorrect Lot number (Lot 1037 of Tract No. 2381-7), This neighbors lot number.

c.    The un-recorded Grant Deed dated October 15, 2002, and recorded Grant Deed also dated October 15, 2002 on top of each other and hold them up to a light you will see that the signature of Jovita Zeppeiro and the Notary Benita A, Colitti are perfectly the same proving the recorded Grant Deed was forged and altered.

d.    On the unrecorded document there is no printed name of Jovita Zeppeiro. On the recorded document there is a forged printed name of Jovita Zeppeiro;

e.    The un-recorded Grant Deed has no initials on BAC which is surrounded by a

circle. The recorded Grant Deed does, in addition these initials were not made by Benita A. Colitti and were confirmed personally by her as stated in here declaration of facts dated August 31, 2005.

The following items relate to the Grant deed dated August 6, 2002 by and notarized by Stephan Snider at Kinko's Camarillo, Ca –

    a. The un-recorded Grant Deed dated August 6, 2002 and recorded Grant Deed also dated August 6, 2002, on top of each other and hold them up to a light you will see that the signature of Jovita Zeppeiro's, Peter Zeppeiro's and the Notary Stephan Snider are perfectly the same. This shows that the recorded Grant Deed was forged and altered.

    b. The document was sent to the escrow office where they were forged and materially altered, without Peter Zeppeiro or Jovita Zeppeiro knowledge or consent or approval.

    c. On the un-recorded Grant Deed dated August 6, 2002 the vesting reads (Peter Zeppeiro, A Married Man, as his sole and separate Property) as it was as should be. On the recorded Grant Deed dated August 6, 2002. It was materially altered. Someone other than Peter or Jovita Zeppeiro typed with XXXXX to cover up the true and correct vesting (Peter Zeppeiro, A Married Man, as his sole and separate Property)

    d. A line of text was added that reads (Jovita Zeppeiro and Peter Zeppeiro wife and husband as Joint Tenants). This alteration would have given her 50% ownership of the house which was never the intention.

The servicer of the Loan changed a number of times until on February 1, 2013, GREEN TREE took over the servicing rights of the loan from GMAC Mortgage. Due to the forged documents that were created, Plaintiff sent defendants and all parties associated with his account a rescission letter on November 4, 2017 (**See Exhibit B**). The certified mail slips for

4

sending each notice is attached. Defendant's recorded a void substitution of trustee on March 1, 2018, with the alleged beneficiary in the document as Ditech.  Defendants sent Plaintiff a letter stating that the debt is owed to Ditech as if it were the lender.

## II.      STANDARD OF REVIEW

### A.      RULE 12(B)(6) MOTIONS ARE DISFAVORED MOTIONS AND UNLESS NO FORM OF LEGAL REMEDY IS AVAILABLE UPON THE FACTS ALLEGED, THE MOTION MUST BE DENIED.

Motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure viewed with disfavor and rarely granted in light of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. See _Lormand v. US Unwired, Inc._,565 F3d 228, 232 (5th Cir.2009); also, _Broam v. Bogan_, 320 F3d 1023, 1028 (9th Cir. 2003).

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to Plaintiffs, and construe the complaint liberally. _Rescuecom Corp. v. Google Inc._, 562 F3d 123, 127 (2nd Cir. 2009); see also _Scott v. Ambani_, 577 F3d 642, 646 (6th Cir. 2009). All reasonable inferences from the facts alleged are drawn in Plaintiffs favor in determining whether the complaint states a valid claim. _Braden v. Wal-Mart Stores, Inc._, 588 F3d 585, 595 (8th Cir. 2009).

The court must decide whether the facts alleged, if true, would entitle Plaintiffs to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. _Conley v. Gibson_, 355 US 41, 45 (1957); _De La Cruz v. Tormey_, 582 F.2d 45, 48 (9th Cir. 1978). Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." _Balistreri v. Pacifica Police Dept._. 901 F.2d 696, 699 (9th Cir. 1990). "A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; _Hearn v. RJ Reynolds Tobacco Co._, 279 F. Supp.2d 1096, 1101 (D AZ 2003).

## III.   ARGUMENT

### A.   PLAINTIFF'S COMPLAINT IS NOT BARRED BY THE DOCTRINE OF RES JUDICATA

The doctrine of "res judicata" must conform to the mandate of due process of law that no person be deprived of personal or property rights by a judgment without notice and an opportunity to be heard. _Coca Cola Co. v. Pepsi-Cola Co_., 6 W.W.Harr. 124, 36 Del. 124, 172 A. 260. See cases cited in 24 Am. and Eng.Encyc., 2d ed., 731; 15 Cinn.L.Rev. 349, 351; 82 Pa. L.Rev. 871, 872.

Further, 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents re-litigation of the **same cause of action** in a second suit between the same parties or parties in privity with them… Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit; a judgment for the defendant serves as a bar to further litigation of the "**same cause of action**."

In their Motion, Defendants cite a three-prong test to determine whether or not Res Judicata applies to the Plaintiffs' case at hand. (See Defendants Motion Page 3, lines 15-18). Accordingly, Defendants assert that "Element One" of the Three Prong Test is satisfied and accordingly, res judicata should apply here.  However, the Three Prong Test states that for a claim to be precluded by a prior judgment: "(1) the present action is of the same cause of action as the prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding."

In this matter, test (1) the "same cause of action" is NOT MET.  There are issues and facts present in this matter that were not present in the prior matter: A notice of Default was recorded on October 13, 2017, and the servicer Ditech purportedly took over the loan in 2013.

Furthermore, Plaintiff sent a recession letter dated November 4, 2017. Facts that were not present in the prior suit are now present in this current suit.

Currently, Plaintiff's former lawsuit has no preclusive effect on the present lawsuit before the Court. Plaintiff's current claims are not barred by the doctrine of res judicata because Plaintiffs are not re-litigating the "same causes of action." Accordingly, as Res Judicata is not applicable to the case at hand, Plaintiff should be provided with the opportunity to pursue his claims on the merits and this Court should dismiss Defendants' motion in its entirety.

### B.  PLAINTIFFS HAVE PROPERLY STATED FACTS SUPPORTING A CAUSE OF ACTION FOR VIOLATION OF 29349(A)

The original Lender of Plaintiff's loan, Homecomings, had their Corporation forfeited by the CA Franchise Tax Board and CA Secretary of State prior to Plaintiff doing business with Homecomings. Defendant's inability to do business in CA was never disclosed to Plaintiff. Homecomings never recovered from its lack of paying taxes and their corporation remains forfeited today.  There has been no merger either.

Plaintiffs' loan was securitized and a Corporate Assignment of Deed of Trust was made back in 2013 by MERS when the loan was in default. The MERS assignment is not a legal assignment and there are federal tax issues with the Trust. Homecomings was banned from buying, selling, and exchanging real estate because of their forfeited corporation status.

Plaintiff did not know the status of Homecomings at the time of any his previous filings and could not have found out as Defendants were hiding such from Plaintiff.  Any statute of limitations should be tolled as Plaintiff did not know and could not have known that Homecomings was suspended at the time of origination because other Defendants were claiming an interest in the property to the extent it lead Plaintiff to believe the original lender was no longer involved in the loan and that any future debtor collectors were acting in good faith to collect on a valid debt.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

In the matter at hand Defendants have engaged in wrongful conduct through the attempted recording of multiple invalid substitution of trustees and assignments of deed of trust which make any Notice of Default void.

A substitution of trustee, signed by Ditech, which purported to substitute Barrett as trustee under the original deed of trust was recorded by Ditech who purportedly received all beneficial interest under the original Deed of Trust through an "Assignment of Deed of Trust in 2013." Ditech is not the owner or beneficiary of Plaintiff's loan, Ditech is ONLY a servicer and has no authority to change the foreclosure trustee of the loan. Furthermore, the alleged beneficial interest that defendants attempted to transfer to Ditech is void as Homecomings was out of business when MERS allegedly transferred Homecomings interest. As a result MERS holds no interest in the loan and can only transfer what interest the actual beneficiary has to transfer; when Homecomings went out of business its interest was dissolved and thus, there was no interest for MERS to transfer to Ditech, formerly known as (FKA), Greentree servicing, LLC. The alleged substitution of trustee (signed by US BANK) was recorded March 1, 2018

When Notice of Default mentioned above was recorded, Defendant Ditech was not a beneficiary of the original deed of trust and had no authority to sign a substitution of trustee. This is further evidenced by the arguments made by Defendants counsel in their current motion to dismiss as Defendants admit they are only servicing the loan AND NOT THE ACTUAL BENEFICIARY. Therefore, Plaintiffs allege that, Ditech did not have standing to commence foreclosure proceedings. Additionally, Plaintiffs allege that, the original trustee under the deed of trust, was not aware that foreclosure proceedings had been initiated as required under Civil Code §2934a(c) especially since they had a forfeited status at the time of these alleged substitutions.

Civil Code §2934a(c) requires the substitution of Trustee to be mailed to the original foreclosure trustee. Plaintiff alleges that no notice was sent to the original foreclosure trustee. Additionally, under California Civil Code §2934a(c) requires the substitution of Trustee to be

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

mailed to the trustee then of record. Plaintiff alleges that, at the time the alleged Notice of Default was recorded, neither Ditech or BARRETT DAFFIN FRAPPIER TREDER AND WEISS LLP was the Trustee or an authorized agent.  Therefore, neither Ditech or BARRETT DAFFIN FRAPPIER TREDER AND WEISS LLP had standing to commence foreclosure proceedings because the trustee was still the original trustee under the Deed of Trust and the original loan is void because the original lender was not permitted to do business at the time of the alleged transfer of interest.

Accordingly, Defendants' Motion to Dismiss as to Plaintiff's claim for violation of §2934(A) should be overruled in its entirety.

## C.  PLAINTIFF HAS SUFFICIENTLY ALLEGED A CAUSE OF ACTION FOR RESCISSION

The rescission language under TILA, 15 U.S.C. §1635 provides borrowers with an unconditional right to rescind certain money mortgage loan transactions within three days of the date the borrower is provided: (a) a notice detailing the right of rescission; and (b) certain material TILA disclosures.  Under §1635(f), if a lender has failed to provide to the borrower either the notice of rescission or accurate material disclosures, an extended right of rescission is provided that expires three years after the transaction consumption date.

In the matter at hand, Defendants' failed to clearly and conspicuously disclose the terms of the loan pursuant to TILA and Reg. Z made it impossible for Plaintiff to discover the fraud or nondisclosures within the one-year statutory period for civil damages claims, even though the use of due diligence. Moreover, the Deed of Trust that was recorded was forged. Therefore, the doctrine of equitable tolling applies to Plaintiff's claims for civil damages.

Moreover, GREEN TREE (now Defendant DITECH), despite acting as the new owner or assignee, never had an "Assignment" recorded reflecting this assignment of interest. Failing to have the assignment recorded resulted in the Transaction never being consummated. Thus,

9

Plaintiffs three (3) year window of right to rescission never began.

Therefore, on or about the following dates Plaintiff exercised his right to rescind under 15 U.S.C. §1635; (**Exhibit "B of FAC"**)

- MERS on July 9, 2015 (**Exhibit "B" Pages 1-2**)
- WELLS FARGO BANK NA on November 4, 2017 (**Exhibit "B" Pages 3-4, 14**)
- NORTHWEST TRUSTEE SERVICE INC. on July 9, 2015 (**Exhibit "B" Page 5**)
- GMAC MORTGAGE LLC on July 10, 2015 (**Exhibit "B" Page 6**)
- FANNIE MAE on July 9, 2015 (**Exhibit "B" Pages 7**)
- HOMECOMINGS FINANCIAL NETWORK on July 9, 2015 (**Exhibit "B" Page 8**)
- DITECH FINANCIAL, LLC (**Exhibit "B" Page 9-11**)
- GREEN TREE SERVICING on July 9, 2015 (**Exhibit "B" Page 12**)
- FNMA FEDERAL NATIONAL MORTGAGE ASSOCIATION on July 9, 2015 (**Exhibit "B" Page 13**)

Plaintiff's Notice of Rescission was effective by operation of law and the Note and Deed become legally void upon operation of law as of twenty (20) days after notification since the Defendants elected to fully ignore and neglect their right to respond. Defendants had three obligations upon receiving Plaintiff's Notice: (1) return the canceled note; (2) file a release and satisfaction of the mortgage or deed of trust; and (3) payment of all money received or paid as set forth in the TILA statute. Here, Defendants failed to perform any of their obligations.

Defendants refused to honor Plaintiff's rescission demand in violation of 15 U.S.C. §1635. Accordingly, Plaintiff has adequately displayed he has legal standing to challenge the authority of Defendants' ability to foreclose and therefore the Motion to Dismiss as to this cause of action should be overruled in its entirety.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request this Court deny Defendants' Motion to Dismiss in its entirety and allow Plaintiff to pursue his claims on the merits.

Alternatively, Plaintiff requests this Court grant leave to amend the Complaint to cure any alleged pleading insufficiencies.

Dated: July 24, 2018                      RODRIGUEZ LAW GROUP, INC.

                                By:    /s/ *Patricia Rodriguez*
                                       Patricia Rodriguez, Esq.
                                       Attorney for Plaintiff

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California: my business address is RODRIGUEZ LAW GROUP, INC., 1492 West Colorado Boulevard | Suite 120 - Pasadena, CA 91105

On the July 24, 2018, I served a copy of the foregoing documents entitled

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the interested parties in said case as follows:

**WOLFE & WYMAN LLP**
2301 Dupont Drive, Suite 300
Irvine, CA 92612
Attorney for Defendants


The above parties were served electronically via the Court's CM/ECF System - I hereby certify that I electronically filed the foregoing with the United States District Court, Northern District of California using the appellate CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction this service was made. This declaration is executed in Pasadena, California on July 24, 2018.


*/s/ Patricia Rodriguez Esq.*
Patricia Rodriguez Esq.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**