**Cathy L. Granger (SBN 156453)**
clgranger@wolfewyman.com
**WOLFE & WYMAN LLP**
**2301 Dupont Drive, Suite 300**
**Irvine, California 92612-7531**
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendants
DITECH FINANCIAL LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ZEPPEIRO, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA; DITECH FINANCIAL LLC; NORTHWEST TRUSTEE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC and DOES 1 to 10 inclusive<br><br>Defendants. | Case No.: 2:18-cv-04183-SJO-AGR<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRAT AMENDED COMPLAINT**<br><br>Date: August 13, 2018<br>Time: 10:00 a.m.<br>Courtroom: 10C<br><br>Hon. S. James Otero |

Defendants Ditech Financial LLC and Mortgage Electronic Registration Systems, Inc. reply as follows to Plaintiff's Opposition to the Motion to Dismiss the First Amended Complaint ("FAC").

///
///
///
///
//

1
**REPLY TO OPPOSITION TO MTN. TO DISMISS AMENDED COMPLAINT - 2:18-cv-04183-SJO-AGR**
3114444.1

## I. THE OPPOSITION FALLS FAR SHORT OF OVERCOMING THE MOTION'S ARGUMENTS.

Out the outset, just like his FAC, Plaintiff's opposition focuses significant attention on alleged transgressions having to do with grant deeds dating back to 2002. He uses the term "loan documents" in apparent reference to those 2002 Grant Deeds *(see, i.e., Opp.3:17 -4:3)*, but this is ineffectual. Instruments conveying title are not the same as instruments encumbering property. In conflating the two, Plaintiff loses his argument at the beginning.

### A. Plaintiff Does Not Surmount the Res Judicata Bar.

Seeking to rebut the Motion's argument that this case is barred by res judicata, Plaintiff only regurgitates passages from the FAC, including those alleging misconduct related to the 2002 Grant Deeds. Crucially, he ignores that the purported conduct he cites ostensibly occurred well before he filed the Zeppeiro I and Zeppeiro II cases. Nonetheless, he relies on it as a basis to demand rescission of the loan. *Opp. 4:25-28.*

Having done so, Plaintiff argues his case is not barred by res judicata because it does not allege "the same cause of action" as the earlier ones. *Opp. 6:25.* Plaintiff further suggests the current case should be permitted to proceed because developments in the foreclosure process have occurred since the previous cases were resolved via judgment. *Opp. 6:25 – 7:2.*

The argument is unavailing. First, Plaintiff does not explain the significance of recent foreclosure-related events in the context of his claims. Nor could he. The previous foreclosure avoidance actions were dismissed with prejudice, leaving no legal bar to foreclosure.

Second, and tellingly, Plaintiff is silent in response to Defendants' authorities showing that res judicata bars the assertion of every legal theory or ground for recovery that *might have been raised* in a prior action. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986). In asserting theories arising out of purported wrongs

predating Zeppeiro I and II, Plaintiff runs afoul of the res judicata doctrine.

## II. PLAINTIFF'S SUPPOSITIONS ABOUT THE LEGALITY OF ASSIGNMENTS AND SUBSTITUTIONS OF TRUSTEE ARE IMPOTENT.

The Opposition's remaining arguments try to weave a theory suggesting that (1) MERS's 2013 assignment of deed of trust was defective because the original lender, Homecomings Financial Network, Inc., allegedly forfeited its corporate status and its interest therefore could not be conveyed *(Opp.7:12-19)*; and (2) Ditech's effort to substitute the trustee under the Deed of Trust was invalid because Ditech was not the "owner or beneficiary" of the loan or Deed of Trust. *Opp. 8:4-11.* Plaintiff extrapolates from these conclusions to insist the foreclosure may not proceed.

Plaintiff is wrong. The judicially noticeable Deed of Trust specifically designated MERS as the nominee for the Lender, Homecoming, and Lender's successors and assigns. RFJN, Exh. A (para (E) p. 2). Plaintiff makes no allegation about Homecoming's successors or assigns or MERS's authority to assign the Deed of Trust on their instructions. In expressly granting MERS that authority by executing the Deed of Trust, Plaintiff cannot now complain about MERS's actions pursuant to that authority. *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1158. Because MERS was the beneficiary as nominee for the lender *and its successors and assigns,* MERS remains the beneficiary as nominee as the note is sold to different parties; that role only ceases when MERS assigns a deed of trust. *See*, *Herrera v. Fed. Nat. Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1505-1506 (disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal. 4th 919, 924.)

Likewise, Plaintiff's argument about the Substitution of Trustee fails. That instrument, attached to the FAC as Exhibit C, was recorded on March 1, 2018 in the Official Records of Ventura County. "Once recorded, the substitution shall constitute conclusive evidence of authority of the substituted trustee or his or her agents to act

pursuant to this section." Cal. *Civil Code* § 2934a(d); *also see Wurtzberger v. Resmae Mortgage Corp.,* 2010 WL 1779972, *6 (E.D.Cal. Apr. 29, 2010).

### III. CONCLUSION.

Plaintiff's FAC is fatally defective for all the reasons discussed in Defendants' motion and this reply. Defendants respectfully request that the Motion be granted in its entirety, without leave to amend.

DATED: July 30, 2018                    WOLFE & WYMAN LLP

By: /s/ *Cathy L. Granger*
   CATHY L. GRANGER
Attorneys for Defendants
**DITECH FINANCIAL LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**