| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 18-04183 SJO (AGR)   **DATE:** August 20, 2018

**TITLE:**  Peter Zeppeiro v. Ditech Financial LLC et al

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** [Docket No. 22]

This matter is before the Court on Defendants Ditech Financial LLC ("Ditech") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"), filed on July 16, 2018. On July 24, 2018, Plaintiff Peter Zeppeiro ("Plaintiff") filed an opposition to Defendant's Motion to Dismiss ("Opposition"). Defendants filed a Reply in support of the Motion ("Reply") on July 30, 2018. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 13, 2018. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On March 12, 2018, Plaintiff filed a Complaint for Damages and Equitable Relief in the Superior Court for the County of Ventura. (*See* Notice of Removal, Ex. 1 ("Compl.") ECF No. 1-1.) Defendants removed the action to this Court on May 18, 2018. (*See* Notice of Removal, ECF No. 1.) Plaintiff subsequently filed the First Amended Complaint ("FAC") in this case on June 24, 2018. (FAC, ECF No. 20.)

Plaintiff's FAC alleges the following. On or about October 15, 2002, Plaintiff executed a Deed of Trust in connection with a loan to finance Plaintiff's real property located at 6393 Calle Bodega, Camarillo, CA 93012 ("Property"). (FAC at 3, ¶ 14.) Plaintiff alleges that the Deed of Trust was forged and all material terms were not disclosed to him at the closing of the loan, therefore entitling Plaintiff to rescind the transaction under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635[1]. (FAC at 9, ¶¶ 8-10.) Plaintiff contends that by failing to honor his demand to rescind the loan, Defendants violated 15 U.S.C. § 1635(b). (FAC at 10, ¶ 13.)

---

[1] 15 U.S.C. § 1635 provides a right of rescission as to certain consumer credit transactions in which a security interest is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 18-04183 SJO (AGR)**          DATE: **August 20, 2018**

Additionally, Plaintiff asserts that Defendants initiated unlawful foreclosure of his Property. (FAC at 3, ¶ 13.) Plaintiff alleges Defendant MERS' original interest as the beneficiary to the Deed of Trust was void, thereby making the later transfer of said interest to Defendant Ditech void as well. (FAC at 7, ¶¶ 36-37.) Thus, Plaintiff contends that Defendant Ditech is not a beneficiary to the Deed of Trust and therefore lacked standing to commence foreclosure proceedings. (FAC at 7, ¶¶ 37, 41.) In connection with the above, Plaintiff further contends that Defendant Ditech improperly substituted the trustee to the Property in violation of California Civil Code § 2934a(c).[2] (FAC at 8, ¶ 43.)

Plaintiff has previously litigated two other actions in connection with the foreclosure of the Property. In 2012, Plaintiff filed a complaint in federal district court, seeking relief on the following grounds: quiet title; breach of contract; lack of standing to foreclose; violation of California Civil Code section 2932.5; violation of the Truth in Lending Act, 15 U.S.C. § 1641(g); cancellation of a written instrument under California Civil Code section 3412; violation of California Business and Professions Code section 17200; and intentional infliction of emotional distress ("*Zeppeiro I*"). (*See Peter Zeppeiro v. GMAC Mortgage, LLC et al*, Case No. 2:12-CV-05357 ABC). The court dismissed Plaintiff's initial complaint for failure to state a claim with leave to amend, and Plaintiff subsequently filed a first amended complaint. (Request for Judicial Notice ("RFJN"), Ex. I, ECF No. 22-2.) On February 13, 2013, the court dismissed *Zeppeiro I* with prejudice. (RFJN, Ex. J)

In 2014, Plaintiff filed a complaint in Ventura Superior Court, alleging unlawful foreclosure and violations of the California Homeowner's Bill of Rights, California Civil Code § 2924.11, and California's Unfair Competition Law ("*Zeppeiro II*"). (*See generally Peter Zeppeiro v. Green Tree Servicing LLC et al*, Case No. 2:14-CV-01336 MMM, Notice of Removal, Ex.1, ECF No. 1.) The defendants in *Zeppeiro II* removed the case to federal court on the basis of diversity jurisdiction. After two dismissals with leave to amend, the district court dismissed *Zeppeiro II* with prejudice on April 15, 2015. (RFJN, Ex. M) Plaintiff appealed both dismissals to the Ninth Circuit Court of Appeals, which subsequently affirmed the lower courts' judgments. (*See* Ninth Circuit Case No. 13-55420; Ninth Circuit Case No. 15-55747).

The facts alleged in Plaintiff's FAC closely resemble the facts alleged in *Zeppeiro I* and *Zeppeiro II*. Defendants now seek to dismiss the instant case on the theory of *res judicata*. (Mot., ECF No. 22).

---

[2] California Civil Code § 2934a(c) states: "If the substitution [of a trustee under a trust deed to real property] is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries or their authorized agents shall cause a copy of the substitution to be mailed, prior to, or concurrently with, the recording thereof, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 18-04183 SJO (AGR)      DATE: August 20, 2018

II.      DISCUSSION

     A.      Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims asserted. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). In considering a motion to dismiss, a court must accept as true the allegations of the complaint in question. *Hosp. Bldg. Co. v. Trs. of the Rex Hosp.*, 425 U.S. 738, 740 (1976). The Court is required to construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim." *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990) (internal citation omitted). "A motion to dismiss on the basis of *res judicata* or collateral estoppel may properly be brought under Rule 12(b)(6)." *Reese v. Verizon California, Inc.*, No. CV11-01934 SJO (JEMX), 2011 WL 13193421, at *2 (C.D. Cal. Aug. 11, 2011), *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012), and *aff'd*, 498 F. App'x 980 (Fed. Cir. 2012).

The doctrine of *res judicata* precludes "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). *Res judicata* provides that a final judgment on the merits of a case is "a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which *might* have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 130 (1983) (citing *Cromwell v. County of Sac.,* 94 U.S. 351, 352 (1877)) (emphasis added). For *res judicata* to apply, the prior adjudication must have: (1) an identity of claims, (2) a final judgment on the merits, and (3) the same parties or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *W. Radio Servs. Co. v. Glickman*, 123 F.3d 11889, 1191 (9th Cir. 1997).

     1.      "Identity of Claims" Requirement

In determining whether there is an identity of claims, the Court analyzes the following factors: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *United States v. Liquidators of European Fed. Credit Bank,* 630 F.3d 1139, 1150 (9th Cir. 2011) (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). In determining the identity of claims, the fourth is the "central criterion." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000). When the same set of facts gives rise to the harm alleged in both actions, such that the claims in the second action could have been brought in the first, the actions share a transactional nucleus of fact. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078

Case 2:18-cv-04183-SJO-AGR  Document 27  Filed 08/20/18  Page 4 of 6  Page ID #:974

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 18-04183 SJO (AGR)                                    DATE: August 20, 2018

(9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). *Res judicata* thus bars "all grounds for recovery which could have been asserted [in the prior action], whether they were or not." *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986) (quoting *Ross v. Int'l Brotherhood of Electrical Workers,* 63 F.2d 453, 457 (9th Cir. 1980)).

      2.      Final Judgment on the Merits

Before a defendant can raise *res judicata* as a defense in the second lawsuit, there must be a final judgment on the merits in the first lawsuit. See *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1081. "'The established rule in federal courts is that a final judgment retains all of its *res judicata* consequences pending decision of the appeal.'" *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (quoting 18 C. Wright, A. Miller & E. Cooper, *Fed. Practice & Procedure* § 4433, at 308 (1981)). Under Rule 41(b), a plaintiff's failure to comply with the Federal Rules of Civil Procedure results in an involuntary dismissal, which operates as an adjudication on the merits unless otherwise specified in the dismissal order. See Fed. R. Civ. P. 41(b).

      3.      "Same Parties" or "In Privity" Requirement

A fundamental tenet of *res judicata* is that a prior judgment binds and benefits only the parties to the previously decided action. See *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *Hansberry v. Lee*, 311 U.S. 32 (1940)). However, a number of exceptions "temper this basic rule," allowing those in privity with the parties to the previously-decided action to assert *res judicata*. *Id.* at 884. The Supreme Court has recognized six categories of exceptions to the rule against nonparty preclusion. *Id.* at 893-95. Privity may exist between a party and a nonparty where: (1) the nonparty contractually agrees to be bound by the judgment; (2) there is a "substantive legal relationship" between the party to be bound and a party to the judgment; (3) the party "adequately represented" the nonparty's interests; (4) the nonparty "assumed control" over the initial litigation; (5) the nonparty is now relitigating as a proxy for the party; or (6) a statutory scheme prohibits "successive litigation by nonlitigants." *Id.*

    B.    Analysis

In the instant case, Defendants argue that Plaintiff's FAC alleges conduct that "predate[s] the filing of *Zeppeiro I* and/or *Zeppeiro II*" and therefore involves the same claims as the previous actions. (Mot., p. 5.) Plaintiff argues that the instant case does not involve the same cause of action as *Zeppeiro I* or *Zeppeiro II* because "[t]here are issues and facts present in this matter that were not present in the prior matter." (Opp'n, p. 6.) Specifically, Plaintiff points to a Notice of Default filed on October 13, 2017, and Plaintiff's own letters of rescission, dated between July and November 2015. For the reasons stated, the Court concludes that the suit is barred by res judicata.

      1.      Identity of Claims

When allegations "arise out of the same transactional nucleus of facts," they are considered identical. *Owens*, 244 F.3d at 714 (quoting *Frank*, 216 F.3d at 851). *Zeppeiro I*, *Zeppeiro II*, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 18-04183 SJO (AGR)**   DATE: **August 20, 2018**

the instant action all encompass facts regarding Plaintiff's mortgage on real property located at 6393 Calle Bodega, Camarillo, CA 93012. Plaintiff's claims arise from the question of whether Defendants can collect mortgage payments or institute a nonjudicial foreclosure of the Property.

Plaintiff's FAC in the instant action mirrors language and allegations from *Zeppeiro I* and *Zeppeiro II*. (*See Zeppeiro v. GMAC Mortgage, LLC et al*, Case No. 2:12-CV-05357 ABC, First Amended Complaint, ECF No.17.; *Zeppeiro v. Green Tree Servicing LLC et al*, Case No. 2:14-CV-01336 MMM, Second Amended Complaint, ECF No. 35.) In Plaintiff's Second Amended Complaint from *Zeppeiro II*, the Plaintiff stated, "Defendants' wrongful acts include, inter alia, initiation of the wrongful foreclosure [of] Plaintiff's Property by Defendants, despite Plaintiff's open and active loss mitigation efforts." (Second Amended Complaint, p. 3.) Plaintiff repeats this claim verbatim in the instant case. (FAC at 3, ¶ 13.)

While Plaintiff raises a new claim for violation of his right to rescission under the Truth in Lending Act, the allegations could have been raised in either *Zeppeiro I* or *Zeppeiro II*, given that the alleged forgery on which Plaintiff bases his right to rescission occurred prior to the filing of *Zeppeiro I*. In his First Amended Complaint from *Zeppeiro I*, Plaintiff stated, "The Grant Deed was altered without the knowledge or consent of the Plaintiff or the Notary." (First Amended Complaint, p. 9.) Here, Plaintiff again claims "The document was then sent to the escrow office where they were forged and materially altered, without Plaintiff's... knowledge or consent or approval." (FAC at 4, ¶ 15.) If the harm complained of in the second action arose at the same time as that in the first, "there [is] no reason why the plaintiff could not have brought the claim in the first action." *Liquidators*, 630 F.3d at 1151. *See also U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (holding that *res judicata* bars relitigation of all grounds of recovery if they could have been asserted in the previous action). Plaintiff knew of the alleged forgery of which he complains before he filed *Zeppeiro I,* and therefore could have brought a claim for rescission in either *Zeppeiro I* or *Zeppeiro II*.

In the instant action, Plaintiff is merely giving his old causes of action new names. Because Plaintiff's latest claims concern the same transactional nucleus of facts as the underlying actions in *Zeppeiro I* and *Zeppeiro II* and Plaintiff was aware of the alleged harm at the time he brought those actions, the claims are identical for the purposes of *res judicata*.

    2.    Final Judgment on the Merits

Here, the requirement for a final judgment on the merits is satisfied. Plaintiff's last amended complaint in *Zeppeiro I* was dismissed with prejudice, as was Plaintiff's last amended complaint in *Zeppeiro II*. Both dismissals were affirmed by the Ninth Circuit on appeal. A dismissal with prejudice is a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Therefore, the dismissals of both *Zeppeiro I* and *Zeppeiro II* constitute final judgments on the merits.

    3.    "Same Parties" or "In Privity" Requirement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: **CV 18-04183 SJO (AGR)**          DATE: **August 20, 2018**

Here, the Defendants are the same parties as those named in the previous actions. Defendant MERS was a named defendant in *Zeppeiro I*. Defendant Ditech, formerly known as Green Tree Servicing LLC, was a named defendant in *Zeppeiro II*. Additionally, the two Defendants share a privity of interest, as Defendant Ditech is a successor-in-interest to Defendant MERS.

All three factors required for the application of *res judicata* are met, therefore barring Plaintiff's FAC.

    C.    Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted

Because the Court has found that *res judicata* bars this suit, it need not address the merits of Defendants' 12(b)(6) arguments. As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Such is the case here.

IV.    RULING

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss with prejudice and without leave to amend. This matter shall close.

IT IS SO ORDERED.